# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**CIVIL ACTION 4:06-CV-111-M**

**RELIANCE STANDARD
LIFE INSURANCE COMPANY**

                                               **PLAINTIFF**

**V.**

**RAMONA STAFFORD,
KATHERINE HALL, and
BRUCE HALL**

                                               **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on a threshold question of law relating to the applicability of KRS 381.280, the so-called "slayer" statute, which the parties maintain must be answered before this action can go forward. The matter has been briefed and is ripe for decision.

## I.  FACTS

Margaret ("Peggy") Hall owned a term life policy in the amount of $15,000 and a supplemental life policy for $30,000 through her employment at the Trover Clinic in Madisonville, Kentucky. The primary beneficiary was Ramona Stafford and the contingent beneficiary was Katherine Hall, Peggy's mother. Peggy suffered injuries to her brain on September 30, 2005, and died from those injuries on October 3, 2005. The Death Certificate lists subdural and arachnoid hemorrhaging due to a blunt head injury as

the primary cause of death.  *See* Interpleader Complaint, Exhibit C.  The causes of these injuries are undetermined; however, the Halls suspect Ramona Stafford was involved.  Id. The Madisonville Police Department has not charged Ramona Stafford in relation to the death of Peggy Hall.  The investigation into her death is unofficially closed unless new evidence is uncovered.

Stafford argues she is automatically entitled to the insurance proceeds because KRS § 381.280 does not apply since she has not been convicted of a felony in connection with Peggy's death.  The Halls argue that KRS § 381.280 should apply and even if it does not, common law should prevent Stafford from profiting from her wrongdoing

## II.  DISCUSSION

### A.    Applicability of KRS 381.280

KRS 381.280 provides:

> If the husband, wife, heir-at-law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy takes the life of the decedent and is convicted therefor of a felony, the person so convicted forfeits all interest in and to the property of the decedent, including any interest he would receive as surviving joint tenant, and the property interest so forfeited descends to the decedent's other heirs-at-law, unless otherwise disposed of by the decedent.

The Halls argue that the term "convicted" should be construed to include a judgment in a civil case.  When a statute in question is unambiguous, interpretation is not needed and the statute must be given its full effect as written.  McCracken Co. Fiscal Court v. Graves, 885 S.W.2d 307, 309 (Ky. 1994).  The clear and unambiguous language of the statute requires the beneficiary to take the life of the decedent **and** be convicted of

2

a felony.   Ramona Stafford has not been convicted of a felony, nor are any indictments pending.   A civil judgment cannot result in a conviction of a felony offense.   Therefore, the plain language of KRS § 381.280 would not preclude the payment of the insurance proceeds to the intended beneficiary.

## B.  Common Law Applicability and Preemption

The Halls argue alternatively that Kentucky common law precludes a beneficiary from recovering property when he or she feloniously kills the insured.  National Life Ins. Co. of Montpelier v. Hood's Admn'r, 94 S.W.2d 1022, 1023 (Ky. 1936).  "There is no difference of opinion among the courts that a beneficiary cannot recover the insurance when he feloniously kills the insured..." Id.  This follows an earlier recognition of the common law principle that one may not take advantage of his or her wrongdoing. Eversole v. Eversole, 185 S.W. 487, 488 (Ky. 1916).  The conviction of the slayer is a judicial determination of the forfeiture, the actual forfeiture occurs the moment before death.  Wilson v. Bates, 231 S.W.2d 39, 41 (Ky. 1950).

The question the Court must address is whether the above stated common law principles still apply despite the enactment of KRS 381.280.  In order for a statute to repeal or alter the common law, the intention to do so must be clearly apparent.  Benjamin v. Goff, 236 S.W.2d 905, 906 (Ky. 1951).  "Repeals by implication are not favored and never declared unless clearly made to appear."  Id.  Section 233 of the Kentucky Constitution provides that the common law will remain in effect unless it is "repealed or clearly altered by a specific legislative act."  Commonwealth of Kentucky Natural

3

Resources and Environmental Protection Cabinet v. Neace, 14 S.W.3d 15, 19 (Ky. 2000).

KRS 381.280 does not clearly express an intention to repeal the common law, and lacking such a clear intention, the common law still applies where the statute does not. KRS § 381.280 has the effect of removing the need to prove the beneficiary killed the insured by simply pointing to a criminal conviction.  However, absent the presence of such a conviction a party may, under Kentucky common law, attempt to prove the beneficiary feloniously killed the insured in civil proceedings to prevent the alleged slayer from collecting under the insurance policy.

Several other states have adopted this approach.  Lunsford v. Western States Life Insurance, 908 P.2d 79, 88 (Colo. 1995); McClure v. McClure, 403 S.E.2d 197, 201 (W.Va. 1991); State Mut. Life Assurance Co. of Am., 696 P.2d 1027, 1031-32 (Okla. 1985); Shrader v. Equitable Life Assurance Society, 485 N.E.2d 1031, 1034 (Ohio 1985); Harper v. Prudential Ins. Co. of Am., 662 P.2d 1264, 1271 (Kan. 1983); Quick v. United Benefit Life Ins. Co., 213 S.E.2d 563, 569 (N.C. 1975).  The Colorado Supreme Court held that their slayer statute did not preempt Colorado common law and the Colorado judiciary has consistently interpreted the slayer statute as limited to its plain provisions. Lunsford, 908 P.2d at 88.  Likewise, West Virginia failed to find any indication that the West Virginia slayer statute preempted the common law.  McClure, 403 S.E.2d at 201. Id.  Absent a conviction, the common law still applies.  Id.  The Supreme Court of Ohio, in relation to their slayer statute, held "[a]ll that [statute] does or purports to do is to eliminate the necessity to prove that the beneficiary of a policy of life insurance

4

committed such an act, when the beneficiary has been convicted of or has pled guilty to one of the specifically enumerated homicide offenses."  Shrader, 485 N.E.2d at 1034.

This approach also comports with Restatement (Third) of Property (Wills and Donative Transfers) § 8.4.

§ 8.4 Homicide--The Slayer Rule:

> (a) A slayer is denied any right to benefit from the wrong. For purposes of this section, a slayer is a person who, without legal excuse or justification, is responsible for the felonious and intentional killing of another.
> (b) Whether or not a person is a slayer is determined in a civil proceeding under the preponderance of the evidence standard rather than beyond a reasonable doubt. For purposes of the civil proceeding, however, a final judgment of conviction for the felonious and intentional killing of the decedent in a criminal proceeding conclusively establishes the convicted person as the decedent's slayer.

"The absence of a final judgment of conviction establishing a person as a slayer for purposes of this section (see Comment d) does not preclude the court in a civil proceeding from determining that a person is responsible for the felonious and intentional killing of the decedent."  Restatement (Third) of Property (Wills and Donative Transfers) § 8.4, cmt. e.

## III. CONCLUSION

KRS § 381.280 does not apply because Ramona Stafford has not been convicted of a felony, however, the statute did not preempt the common law.  Therefore, this case may go forward.

The Defendants' Motion for Certification is DENIED [DN 28].

Copies to:  Counsel of record